Bissell, J.,
delivered the opinion of the court.
By an act of the general assembly, dated the 19th of March,-1889, provision was made for two additional district judges *511 in Arapahoe county. At the same session of the general assembly another act was passed which appropriated $16,000 for the payment of the salaries of those judges. Thomas B. Stuart was appointed, qualified and went into office. On the 31st of July, Schwanbeck, who was then the state auditor, issued a warrant, No. 23,376, for $333.33, to pay Stuart’s salary for the month of July. This warrant was presented to the treasurer, indorsed “ no funds,” under the statute, and as having been presented July 31st. Judge Stuart subsequently assigned the warrant to the Colorado Savings Bank, which became a holder for value, and according to the record still owns the paper. The Colorado Savings Bank ultimately became embarrassed, transferred its assets to an assignee, and, by subsequent appointment, Judge Stuart became the representative of the institution. As the assignee of the bank, he brought these proceedings against Albert Nance, who was then the state treasurer, to compel the payment of the warrant. His petition recited the facts already stated with others and contained recitals that Nance had in his hands, of the assets of the year 1889, upwards of $164,000, which was unexpended. There were other allegations of various unexpended balances remaining in the treasurer’s hands, and covering the years 1891, ’92, ’93 and ’94. These moneys, it was alleged, were properly applicable to the payment of this warrant, and, assuming there is no necessity for a statement concerning the registration of other warrants, the petition contained enough to compel a return, and if there was no sufficient answer put in to justify a judgment for the peremptory writ. The treasurer answered, admitting all the allegations of the petition and the moneys to be in the treasury as stated. The answer, however, proceeded to set up matters by way of defense which will be only generally referred to. The treasurer averred the funds for 1889 had been set apart to pay warrants of the year which were prior in registry and had been issued to pay part of the expenses of the legislative and judicial departments of the government. There was an allegation, which of course is but a conclusion of law, to the *512 effect substantially that it was impossible for the treasurer to pay the warrant without violating the law because of the prior registration of thesje other warrants, which were claims on the state funds for thq years mentioned.
We freely confess we are in grave doubts, because of the paucity of the record, as to the exact legal rights of the parties. The case was not tried, no evidence was offered, there is no stipulation respecting the facts, but, on a demurrer to the answer, it went to judgment. There is thus presented a simple legal issue, — whether the answer contains defensive matter which, if proven,jwould operate to defeat the plaintiff’s rights. While we must concede the answer does not in apt terms, with ample allegations put in correct legal phraseology, tender a precise issue for trial, yet there is enough in it which, if sustained, would probably prevent the entry of the present judgment. We shall expressly withhold any direct declaration respecting the law which must control the case until the record shall return with evidence of the matters which the treasurer has alleged. We shall go no farther than to state our opinion respecting the admissibility of the evidence | which the state may offer on the issue they have proffered. The enactments respecting the registration of warrants are clear and the duties of the state treasurer and state auditor are very specifically defined in the general statutes. General Statutes 1883, chap. 37.
According to its provisions, every fund in the hands of the state treasurer must be paid out in the order in which the warrants are drawn.' There is a further provision which need not be stated. The treasurer is likewise bound to keep a register of warrants, in' which he must enter each warrant presented and the date of it. Failing to observe the law in respect to these matters, he is guilty of a crime, liable to fine and imprisonment, and removal from office. In this case the treasurer pleaded the prior registration of warrants on the fund out of which they were payable. We are not quite certain that this issue is well tendered nor that it can be proven. There was a special appropriation for the pay *513 ment of the salaries of these two judges. The act is not before us, and it has neither been discussed nor construed, and whether it would become by operation of law a part of the general appropriation act we are unable to tell. Since the record is silent in this particular, and the matter has not been presented to the court below nor to us, we cannot do otherwise than leave the matter thus open for consideration.
The answer avers that the funds for the payment of the expenses of the three departments of the government were exhausted by prior warrants, so that there was no money to pay the one which was issued to Stuart. If this is true, and there is no money in the treasury, the writ cannot go, because the treasurer cannot be compelled to pay money which he does not hold. We have grave doubts whether this is true, but, in the absence of evidence, we are compelled, when we take the answer as not vulnerable to a demurrer, to permit the introduction of evidence on this subject. We do not agree, with the distinguished attorney general, who contends these matters of registration are to be set up in the petition rather than in the answer. We are decidedly of the opinion that when a warrant is made the basis of mandamus proceedings, and from the allegations of the petition it appears to have been duly issued by the auditor, and, according to the decision of the supreme court rendered at this January term, in Clifford C. Parks v. The Commissioners of the Soldiers’ and Sailors’ Home, etc., 22 Colo. 86, is a preferred claim, it is incumbent on the officer to plead the exhaustion of that fund by antecedent warrants, if such be the real basis of his defense. In the very lucid and exhaustive opinion of the learned chief justice in the case just cited, warrants which are drawn to pay executive, judicial and legislative officials and the expenses of their offices, must be paid out of the general appropriation bill before any of the moneys can be put to other purposes. Under these circumstances, it is very difficult to understand how it was possible to exhaust the entire fund by warrants drawn for these preferred classes of claims. It may be the law was not understood precisely as. *514 declared by tbe supreme court in that opinion, and warrants may have been drawn and registered which were not legally-entitled to priority of payment or registration, though the record of the treasurer’s office may show them to occupy some such position. This reason with others induces us to send the case back for trial. There is another reason almost ■ equally cogent to persuade us there must be some mistake in tbe allegations of the answer, because, by the statute, the auditor is prohibited from drawing warrants beyond the amount of the appropriation. It ought, therefore, to be true that the warrants drawn b}r the auditor and presented to the treasurer should in no event exhaust the funds and leave no moneys to liquidate warrants of this description. But, as we conceded at the outset, we are very much in the dark respecting the matter, and, in order that the right may be accomplished and neither the litigant nor the officer be harmed, we think the ease should be reversed and sent back for a hearing on these matters. The pleadings should undoubtedly be amended to present the issue in legal form, and the officer should be permitted to amend his answer with respect to the funds in the treasury. We do not want to be understood as holding the bank is without remedy under such circumstances. We are not prepared, however, to say that mandamus may go against the treasurer to compel him to pay a warrant if he is able to demonstrate that he has no money which can be legally applied to the liquidation of the claim. Under such circumstances, it is exceedingly doubtful ' whether the remedy by mandamus would lie. At all events, the treasurer should be permitted to show it, and when the proof is in we can then determine what the true rule is in such cases.
The case will be reversed and sent back for a new trial in conformity with this opinion, and the court below will permit either party to amend their pleadings as they may be ■advised.

Reversed.